**UNITED STATES of America,**
**Appellee,**

v.

**Salim Ahmad SALTI, also known**
**as Saleem Salti, Appellant.**

No. 02–1438.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 30, 2002.

Decided Sept. 5, 2002.

Before McMILLIAN, FAGG, and
BOWMAN, Circuit Judges.

PER CURIAM.

After Salim Ahmad Salti pleaded guilty
to two counts of knowingly trafficking in
counterfeit labels affixed to copyrighted
materials, the district court imposed con-
current twelve-month-and-one-day terms
of imprisonment for each count, three
years of supervised release, and $12,755.98
in restitution. Salti appeals, and we af-
firm.

Salti first argues the district court shift-
ed to him the burden of proving the num-
ber and value of the counterfeit cassette
tapes, for purposes of establishing the
amount of loss attributable to his offense
at sentencing, by requiring him to produce
his evidence first. Salti did not raise this
argument below, and no plain error oc-
curred. *See United States v. Brown*, 203
F.3d 557, 558 (8th Cir.2000) (per curiam).
The court did not misstate the govern-
ment's burden of proof, and the court's
procedure yielded the evidence the court
needed to resolve Salti's objections to the
amount of loss.

Salti also argues the government did not
meet its burden of proof in establishing
the amount of loss under U.S.S.C.
§ 2F.1(b)(1)(I) (1998) (requiring 8–level
enhancement where loss exceeded
$200,000). This argument also fails.
Based on sentencing testimony about the
number and source of counterfeit tapes,
and their market value, the district court's
finding that the amount of loss exceeded
the $200,000 threshold for an 8–level en-
hancement was not clearly erroneous. *See*
U.S.S.G. § 2F1.1, comment. (n.9) (1998)
(loss need not be determined with preci-
sion and need only be reasonable esti-
mate); *United States v. Coon*, 187 F.3d
888, 899 (8th Cir.1999) (standard of re-
view), *cert. denied*, 529 U.S. 1017, 120 S.Ct.
1417, 146 L.Ed.2d 310 (2000); *United
States v. Hernandez*, 952 F.2d 1110, 1118–
19 (9th Cir.1991) (market value of counter-
feited tapes is reasonable value to use in
copyright case), *cert. denied*, 506 U.S. 920,
113 S.Ct. 334, 121 L.Ed.2d 252 (1992).

Accordingly, we affirm.

A true copy.